IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Antwon Carrington, | Case No. 1:14 CV 2735 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Brigham Sloan, *Warden*, | |
| Respondent. | |

## INTRODUCTION

*Pro se* Petitioner Antwon Carrington, a prisoner in state custody, filed this action for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons below, the Petition is dismissed.

## BACKGROUND

In May 2011, Carrington and two co-defendants were charged in an eleven-count indictment after robbing a Cleveland, Ohio pet store. The indictment included the following counts: aggravated robbery (Count 1); aggravated burglary (Count 2); kidnaping (Counts 3–5); felonious assault (Counts 6–8); carrying a concealed weapon (Count 9); and theft (Count 11). *State v. Carrington*, 2012-Ohio-4717, ¶ 3 (Ohio Ct. App.). Counts 1 through 8 carried firearm specifications. *Id.* at ¶3 n.1. In September 2011, Carrington's co-defendants pled guilty. *Id.* at ¶ 4. Carrington proceeded to trial.

However, before the trial court empaneled the jury, Carrington pled guilty to an amended count of felonious assault, without a firearm specification. *Id.* The State dismissed the remaining counts. *Id.* At month's end, the trial court sentenced Carrington to eight years of imprisonment, the maximum term allowed by statute. *Id.*

Carrington appealed his sentence, claiming the trial court erred by (1) failing to consider the purposes of felony sentencing, and (2) imposing the statutory maximum sentence on a first-time offender. *Id.* at ¶¶ 5–6. In October 2012, the Ohio court of appeals affirmed.

In May 2014, Carrington filed a motion for delayed appeal in the Ohio Supreme Court, claiming he did not timely appeal because his attorney failed to inform him he could appeal to the Ohio Supreme Court. *See* Motion for Leave to File Delayed Appeal of Defendant-Appellant Antwon Carrington, *State of Ohio v. Carrington*, Case No. 14-0759, at *3, accessible at: http://www.sconet.state.oh.us/pdf_viewer/pdf_viewer.aspx?pdf=745963.pdf (last accessed June 30, 2015). The next month, the Ohio Supreme Court denied Carrington's motion and dismissed his appeal (Doc. 1 at 2).

Carrington now seeks resentencing, raising two grounds for relief in his federal habeas Petition (Doc. 1 at 5–6).

1. I am a first time offender and at no time did the trial court take this fact into consideration before giving me 8 years.

2. There was no reason for the trial court to impose a maximum sentence, and the issue of recidivism was never determined or made apart of [the] trial court's reasoning of an 8 year sentence.

### STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Cases requires this Court to review a habeas petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If so, the petition must be dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). Petitioner filed this case pro se. Thus, this Court liberally construes his pleadings. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

Section 2254(d) forbids a federal court from granting habeas relief with respect to a "claim that was adjudicated on the merits in State court proceedings" unless the state-court decision either:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state-court decision is contrary to "clearly established Federal law" under Section 2254(d)(1) only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *(Terry) Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). "Clearly established Federal law" for purposes of the provision "is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003). "And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (internal quotation marks omitted). "The critical point is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *Id.* at 1706–07 (quoting *Harrington v. Richter*, 562 U.S. 86, 101(2011)).

## DISCUSSION

Carrington's Petition must be dismissed. The two trial court errors to which he points are not grounds for federal habeas relief, which is available "only on the ground that [Carrington] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Carrington points only to errors of state law, arguing the state trial court failed to enter a sentence that accounted for certain mitigating facts (*e.g.*, that he was a first-time offender) or statutory sentencing goals (*e.g.*, that the sentence should have been tailored to address any recidivism concerns).

Further, Carrington procedurally defaulted his claims by not timely seeking review in the Ohio Supreme Court. By denying Carrington's motion to file a delayed appeal, the Ohio Supreme Court did not rule on the merits of any claim included in the motion. That denial is a basis for procedural default. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

Thus, Carrington's Petition presents procedurally defaulted claims that, because they involve no claim of federal constitutional error, are not cognizable on federal habeas review. A habeas petitioner has two means to avoid the procedural default rule, neither of which is available to Carrington. Because Carrington alleges no violation of federal law, he cannot show he would suffer "actual prejudice" from application of the procedural default rule in his case. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Second, because Carrington does not claim he is innocent of felonious assault, he cannot "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.*

Finally, even if ths Court were to reach the merits of Carrington's claims, it would deny the Petition. "[A] state court's interpretation of state law, including one announced on direct appeal of the [sentence being challenged in a federal habeas action], binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam). "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Again, Carrington points to only alleged state law errors.

**CONCLUSION**

For these reasons, the Petition is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. This Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith. Further, there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Federal Appellate Rule 22(b).

IT IS SO ORDERED.

                                                s/ *Jack Zouhary*
                                         JACK ZOUHARY
                                         U.S. DISTRICT JUDGE

June 30, 2015